Foster Chatham, *et ux.*, v. B. T. Reynolds, *et ux.*

188 So. 227.
Division A.
Opinion Filed April 18, 1939.

*E. M. Knight,* for Appellants;

*A. Summerlin,* for Appellees.

Per Curiam.—The appeal brings for review final decree, the pertinent involved findings of which are as follows:

"The above case coming on for hearing for final decree on the amended bill of complaint and answer of defendants, testimony having been taken and stipulation of counsel, the master's report, and after argument of counsel, and the Court being fully advised in the premises,

"It Is Ordered, Adjudged and Decreed that this is a suit by plaintiffs to foreclose a purchase money mortgage given by defendants on the real estate described in said mortgage, to-wit:

"A strip of land 748.41 feet wide off the South side of NE¼ of SE¼ of Section 21, Township 27, South, Range 25 East, Polk County, Florida; and that to the amended bill of complaint the defendants filed an answer setting up as a defense to said foreclosure that the plaintiff, B. T. Reynolds, was insolvent, that the notes and mortgage were conditionally delivered and were only to take effect after the delivery of the Warranty Deed and Abstract, as provided for in the contract referred to and made a part of said answer, and that there was a partial failure of consideration for said notes and mortgage for which the de-

fendants claim a set-off or counter claim; and this Court finds that the evidence wholly fails to support either of these contentions as to insolvency or conditional delivery, but on the contrary the evidence shows and the defendants, by their solicitor at this hearing, admit that the plaintiff B. 1. Reynolds is solvent; this Court also finds that the evidence wholly fails to show conditional delivery of the notes and mortgage described in the amended bill of complaint; and this Court also finds that the evidence conclusively shows and the plaintiffs by their solicitor at this hearing, admit that the title to the land involved herein and the abstract furnished in reference thereto is not in accordance with said contract, but the Court finds that this is no defense to the relief sought herein and that the record in this case shows the equity of said cause is with the plaintiffs.

"It Is Ordered, Adjudged and Decreed that there is due and owing plaintiffs by defendants on said mortgage debt the principal sum of $665, with interest thereon from December 1, 1936, to date, August 10, 1938, in the sum of $70.97; and a reasonable attorney's fee, fixed by stipulation of counsel contained in the record in the sum of 10% of principal and interest, plus $50.00, making said fee amount to $123.60; and the further sum of $48.15 costs, made up of the following items:

"D. H. Sloan, Jr., court costs ................... $ 7.50
"W. W. Chase, service of process ........... 6.70
"H. G. Stephenson, Special Master
   2 days attendance on litigated case
   at $2.00 per day ............................ ........$ 4.00
"Taking deposition of witnesses 52
   pages averaging 220 words per page
   at 25c per hundred words ........................ 28.50

"Marking and numbering exhibits, 29,
  at 5c each ........................................... 1.45    33.95

                       "Total ........         $48.15

which are now taxed as costs in this case; making a total decree of $907.72."

The record amply supports the decree and the same is affirmed.

So Ordered.

Affirmed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN, not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rules 21-A of the Rules of this Court.